**WO**                                                                                              SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malick Njai, | ) No. CR-02-0050-PHX-SMM |
| Petitioner, | ) No. CV-06-1991-PHX-SMM (MEA) |
| v. | ) **ORDER** |
| United States of America, | ) |
| Respondent. | ) |

Petitioner Malick Njai, through his attorney Lora B. Sanders, has filed a Petition for Post-Conviction Relief and Application for Writ in the Nature of Error *Coram Nobis*. The Court will require a response.

**I. Procedural History**

Pursuant to a plea agreement filed on March 27, 2002, Petitioner pled guilty to Count II of a two-count indictment – making a false claim of U.S. citizenship in violation of 18 U.S.C. § 911. This offense constitutes a crime of moral turpitude and, therefore, eliminates eligibility for permanent resident alien status under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Count I of the indictment – violation of 18 U.S.C. § 1546(b)(3), which Petitioner alleges is not a crime of moral turpitude, was dismissed. The Court sentenced the Petitioner to time served followed by one year of supervised release.

**TERMPSREF**

## II. Petition

In his Petition, Petitioner alleges that he received ineffective assistance of counsel and, therefore, his guilty plea and waiver of rights were involuntary because (1) he was induced to enter the plea through his attorney's affirmative misrepresentations about the immigration consequences of the plea; (2) his attorney failed to advise him of an absolute defense to Count II; (3) his attorney failed to present the absolute defense in plea negotiations with the U.S. Attorney; and (4) his attorney recommended that Petitioner enter a plea of guilty to Count II although there was an absolute defense to the charge. Petitioner alleges that he was prejudiced by his attorney's deficient performance because in the absence of the erroneous advice, Petitioner would have insisted on going to trial, even if it meant a longer sentence, in order to avoid being ineligible for permanent resident alien status.

The Court will require a response to the Petition.

**IT IS ORDERED:**

(1) The Clerk of Court must serve copies of the Petition and Attachments (Doc. ## 27, 28, and 29 of CR- 02-0050-PHX-SMM) and this Order on the United States Attorney for the District of Arizona.

(2) The United States Attorney for the District of Arizona has 60 days from the date of service within which to answer the Petition. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

TERMPSREF

- 2 -

(4) The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 29th day of September, 2006.

*[signature]*
Stephen M. McNamee
United States District Judge