**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malick Njai,<br><br>        Petitioner,<br><br>  v.<br><br>United States of America,<br><br>        Respondent.<br>_____ | No. CR 02-0050-PHX-SMM<br>No. CV 06-1991-PHX-SMM (MEA)<br><br>**ORDER** |

On January 23, 2007, Magistrate Judge Mark E. Aspey filed a Report and Recommendation advising this Court that Petitioner's Application for Writ in the Nature of Error Coram Nobis (the "Application") (Dkt. 1) be denied and dismissed with prejudice on the grounds that (i) Petitioner did not show valid reasons existed for not attacking the conviction earlier by means of a section 2255 petition; and (ii) Petitioner did not demonstrate a fundamental error by establishing his counsel's performance was constitutionally ineffective. (Dkt. 37) Petitioner has filed Objections to Judge Aspey's Report and Recommendation. (Dkt. 38) After considering Judge Aspey's Report and Recommendation and Petitioner's Objections thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The Court must review the legal analysis in the Report and Recommendation *de*

1  *novo*. See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report
2  and Recommendation *de novo* for those facts to which Objections are filed and for clear error
3  for those facts to which no Objections are filed.  See id.; see also Turner v. Duncan, 158 F.3d
4  449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting *de*
5  *novo* review of the magistrate's factual findings).

## DISCUSSION

Petitioner has objected to the January 23, 2007, Report and Recommendation filed by Judge Aspey. (Dkt. 37.)  Having reviewed each of Petitioner's filings and, thereafter, having reviewed the Magistrate Judge's Report and Recommendation and the record de novo, the Court finds that none of Petitioner's Objections are meritorious.  With two exceptions (addressed infra), Petitioner essentially raises the same issues in his Objections as those raised initially in his Petition, his Reply to Respondent's Response in Opposition to his Petition, and his Reply to Respondent's Corrected Response in Opposition to his Petition. (Dkts. 1,4.)  Thus, the Court hereby incorporates and adopts Judge Aspey's entire Report and Recommendation, with the following additions:

**A.     Judge Aspey's Report Does Conform with Principles of Stare Decisis**

Petitioner argues that "[t]he Report criticizes the 9th Circuit's opinion in *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004) for relying on *United States v. Smiley*, 181 F.2d 505 (9th Cir. 1950) for the proposition that a jury may not convict a defendant under 18 U.S.C. § 911 based on a simple violation of Form I-9." (Dkt. 38 at 3).  According to the Petitioner, the Report overlooks several cases that have relied on *Smiley* and relies "contradictory case law from other Circuit Courts of Appeal in violation of stare decisis." (*Id.*)

The two Ninth Circuit cases Plaintiff claims relied on *Smiley*, *United States v. Garcia*, 739 F.2d 440 (9th Cir. 1984) and *Rodriguez v. United States*, 433 F.2d 964 (9th Cir. 1970), do not stand for the proposition that a jury may not convict a defendant under § 911 based on a simple violation of Form I-9.  In *Garcia*, the Ninth Circuit held that the district court erred by refusing to instruct the jury that the defendant should be found not guilty of falsely representing himself as a citizen if he merely said that he was born in Texas and not that he was a United

- 2 -

States citizen. 739 F.2d at 443. In *Rodriguez*, the Ninth Circuit distinguished *Smiley* and held that a false representation of U.S. citizenship to a Customs Agent was sufficient to support a conviction for a violation of § 911. In short, these cases do not stand for the proposition that a jury may not convict a defendant under §911 based upon a violation of a Form I-9.

The Court disagrees with Petitioner's claim that Judge Aspey violated principles of stare decisis by erroneously relying on contradictory case law from other Circuit Courts of Appeal. Judge Aspey's recommendation was based primarily upon the test articulated in *Matus-Leva v. United States*, 287 F.3d 758 (9th Cir. 2002). Thus, Petitioner's argument lacks merit and will be rejected.

**B.** **Petitioner Understood His Guilty Plea Would Likely Affect His Immigration Status**

Petitioner also objects to the Report's failure to consider his commitment to his legally-present family members, such as his daughter Victoria, in determining whether he would have entered a change of plea if he had known of the impossibility of adjustment of status. The Court finds that Petitioner's claim lacks merit. As Judge Aspey's Report clearly indicates, Petitioner was told three times at the plea hearing that his guilty plea could affect his immigration status. (Dkt. 37 at 5). The court even expressly stated to Petitioner that he "probably will be expelled from the United States" by virtue of his guilty plea. Nonetheless, Petitioner did not change his plea. Moreover, as Judge Aspey stated, Petitioner had a year from the date his conviction become final to bring an otherwise-waived § 2255 action by asserting that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel; yet, Petitioner did not timely seek § 2255 relief from his conviction. Based on the evidence, it is clear that Petitioner knowingly and voluntarily entered his guilty plea fully aware that deportation was probable. Therefore, the Court rejects Petitioner's argument regarding the Report's failure to consider his commitment to his legally-present family members.

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts and incorporates the Report and Recommendation of Magistrate Judge Mark E. Aspey, with the above additions. (Dkt. 37.)

**IT IS FURTHER ORDERED** that Petitioner's Application for Writ in the Nature of Error Coram Nobis is **DENIED**.  (Dkt. 1.)  The Clerk of Court shall terminate this action accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to all parties as well as to Magistrate Judge Mark E. Aspey.

DATED this 16th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge